## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| NANCY K. RAYNOR, ESQUIRE AND RAYNOR & ASSOCIATES, P.C. | : | No. 300 EAL 2019 |
| | : | |
| | : | |
| | : | Petition for Allowance of Appeal from |
| v. | : | the Order of the Superior Court |
| | : | |
| | : | |
| MATTHEW D'ANNUNZIO, ESQUIRE; KLEHR HARRISON HARVEY BRANZBURG LLP; WILLIAM T. HILL, ESQUIRE; MESSA & ASSOCIATES, P.C.; JOSEPH MESSA, JR., ESQUIRE AND ROSALIND W. SUTCH, AS EXECUTRIX OF THE ESTATE OF ROSALIND WILSON, DECEASED | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| PETITION OF:  MESSA & ASSOCIATES, P.C. & JOSEPH MESSA, JR., ESQUIRE | : | |
| | : | |
| NANCY K. RAYNOR, ESQUIRE AND RAYNOR & ASSOCIATES, P.C. | : | No. 301 EAL 2019 |
| | : | |
| | : | |
| | : | Petition for Allowance of Appeal from |
| v. | : | the Order of the Superior Court |
| | : | |
| | : | |
| MATTHEW D'ANNUNZIO, ESQUIRE; KLEHR HARRISON HARVEY BRANZBURG LLP; WILLIAM T. HILL, ESQUIRE; MESSA & ASSOCIATES, P.C.; JOSEPH MESSA, JR., ESQUIRE AND ROSALIND W. SUTCH, AS EXECUTRIX OF THE ESTATE OF ROSALIND WILSON, DECEASED | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| PETITION OF:  MATTHEW D'ANNUNZIO, ESQUIRE, KLEHR HARRISON HARVEY BRANZBURG LLP, WILLIAM T. HILL, ESQUIRE, AND ROSALIND W. SUTCH, AS EXECUTRIX OF THE ESTATE OF ROSALIND WILSON, DECEASED | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## <u>ORDER</u>

**PER CURIAM**

    **AND NOW,** this 6th day of November, 2019, the Petitions for Allowance of Appeal at 300 EAL 2019 and 301 EAL 2019 are **GRANTED**, **LIMITED** to combined issues set forth below.  Allocatur is **DENIED** as to all remaining issues.

    1. Whether a request for contempt/sanctions against counsel (among others) contained within a motion for post-trial relief constitutes "civil proceedings" actionable under the Dragonetti Act?

    2. Did the Superior Court attempt to create new Pennsylvania law — in contravention of a number of appellate decisions — giving [respondent], a disqualified attorney, standing to assert a cause of action under the Dragonetti Act when she was not a party to the underlying action?